UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINGERMOTION, INC., <br><br> *Plaintiff,* <br> v. <br><br> CAPYBARA RESEARCH, JOHN DOES 1-10, <br><br> *Defendants,* <br> and, <br><br> WIX.COM, LTD., <br><br> *Nominal Defendant.* | CIVIL ACTION NO. 1:23-cv-09212-JPC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR PERMISSION TO SERVE DEFENDANTS VIA ELECTRONIC MAIL**

Submitted By,

Mark R. Basile, Esq.
**THE BASILE LAW FIRM P.C.**
350 N. Broadway
Suite 140
Jericho, NY 11753
Tel.:   (516) 455-1500
Fax:    (631) 498-0478
Email: mark@thebasilelawfirm.com

*Attorneys for Plaintiff FingerMotion, Inc.*

Dated: October 31, 2023

Plaintiff FingerMotion, Inc. ("FingerMotion," "FNGR" or "Plaintiff") respectfully submits this Memorandum of Law in support of its Motion for an Order permitting Plaintiff to serve Defendant Capybara Research ("Capybara" or "Defendant") and John Doe Defendants 1- 10 ("Doe Defendant(s)," together with Capybara, the "Capybara Defendants") its summons and complaint via electronic mail pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York's Civil Practice Law and Rules § 308(5) on the ground that the Capybara Defendants have acted anonymously and have no known address, as fully set forth hereafter and in Plaintiff's Complaint (ECF 1).

## PRELIMINARY STATEMENT

FingerMotion is a publicly traded mobile services corporation incorporated in Delaware and headquartered in Singapore. FingerMotion operates an additional office in New York City, New York. FingerMotion's stock can be purchased and sold on the NASDAQ Stock Market, a stock exchange based in New York City, New York, under the ticker symbol FNGR.

Capybara is a "short selling research firm" with an unknown principal place of business and operated by an anonymous individual or individuals, the Doe Defendant(s). The Capybara Defendants write, and subsequently self-publish, articles referred to as "short seller reports." A short seller will release a short seller report in an attempt to persuade the general investing public to sell shares of, or open a short position in, a specific stock, usually one the author holds a short position in, with the intent to drive the price of that stock down to financially benefit from their short positions.

The Capybara Defendants operate a Twitter account under the handle "@CapybaraShort" ("Capybara Short Account"). The @CapybaraShort account was created in July 2023. *See* **Exhibit 1**. The Capybara Defendants also operate a website, hosted by Wix.com, Ltd. ("Wix"),

to which Capybara's self-published articles are posted (the "Capybara Website").[1] The Capybara Defendants operate both the Capybara Website and Capybara Short Account anonymously and have concealed their identity while making their public communications.

On October 3, 2023, Capybara posted a link to Twitter to a self-published short report on the Capybara Website titled *FingerMotion: A Serial Case of Stock Promotion That Will End In Shareholder Dilution. $1 Target* (the "Capybara Report" or the "Report"). *See* **Exhibit 2**. As of October 16, 2023, Capybara's tweet has been viewed by the general public no less than 59,300 times. *See* **Exhibit 3**. On October 4, 2023, FNGR issued a press release in response to the Capybara Report (the "Response"). *See* **Exhibit 4**. In its Response, FNGR states the Capybara Report contains "many errors, unsupported speculations and inaccurate interpretations of events." *Id.* at 1. As a result of the Capybara Report, FNGR's stock price has dropped dramatically and internet media outlets have branded FNGR as a "'short and distort' target," significantly impairing FNGR's share value, business opportunities and shareholder's long positions. *See* **Exhibit 5**. On October 24, 2023, in an act of retaliation for filing the complaint, Capybara posted a series of tweets further disparaging FNGR in an additional attempt to impact the market price of FNGR stock and harm the public perception and reputation of FNGR as to its business and its directors, affirmatively causing further damage to FNGR's market price and market capitalization. *See* **Exhibit 6, 7**.

## FACTUAL BACKGROUND

A.   **FingerMotion is Unable to Ascertain the Identities of the Capybara Defendants**

The Capybara Defendants both communicate with the public and operate the Capybara Website and Capybara Short Account anonymously.  Both the Capybara Website and Capybara

---

[1] The URL for Capybara's website is https://www.capybararesearch.com/.

Short Account are devoid of any identifying information, including the name of the author of the Capybara Report and the address Capybara operates from. The only identifying information available to the public is an email address listed on the home page of the Capybara Website. On October 11, 2023, the email address listed on the Capybara Website was contact@capybararesearch.com. *See* **Exhibit 8** at 1. Subsequent to the filing of Plaintiff's complaint, the email address used by the Capybara Defendants was changed to capybararesearch@proton.me ("Proton Mail Address"). *Id.* at 2. As of October 31, 2023, the Proton Mail Address is the most recently disclosed email address of the Capybara Defendants.

Plaintiff's counsel has exhausted all possible avenues to ascertain the true identity of the Capybara Defendants including an internet search via Google, searching through the Capybara Short Account's posts, searching for a contact page on the Capybara Website, searching the U.S. Securities and Exchange Commission's EDGAR database, and searching for information regarding the registration of the Capybara Website's domain.

The Capybara Website domain was registered on July 16, 2023 and is currently hosted by Wix. To register the Capybara Website domain, the Capybara Defendants were required to submit identifying information such as their name, phone number, address, and email address to Wix (such identifying information, together with the Capybara Defendant's Internet protocol address, "the Capybara Defendants' Identity"). *See* **Exhibit 9**. Wix is the sole custodian of the Capybara Defendants' Identity as information relating to the registration of the Capybara Website is unavailable to the public. *See* **Exhibit 10**. As the only identifying information available to Plaintiff is Capybara's email address, Plaintiff requires this Court's permission to serve the Defendants via electronic mail.

3

**ARGUMENT**

I.  **PLAINTIFF IS REQUIRED TO SERVE THE CAPYBARA DEFENDANTS VIA ELECTRONIC MAIL BECAUSE THE CAPYBARA DEFENDANTS' IDENTITIES ARE UNKNOWN**

"Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). "Personal service upon a natural person shall be made … in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. CPLR § 308(5). *See also Snyder v. Energy, Inc.*, 19 Misc. 3d 954, 962 (N.Y. Cty. Ct. April 4, 2008) (Authorizing service via e-mail when the defendant's address was unknown and service by conventional means was impracticable); *FTC v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant"); *ATMO, LLC v. Bedford Asset Mgmt., LLC*, 2015 WL 3457452, at *9 (S.D.N.Y. June 1, 2015) (Holding courts can approve of service by email if the email address is indisputably connected with the defendant and the account is active and has been recently used); *Dobkin v. Chapman*, 21 N.Y. 2d 490, 498 (2008) (In devising appropriate forms of alternate service, courts have wide latitude to "fashion . . . means adapted to the particular facts of the case before it."). Critical facts in determining whether service by email to an address listed on a website is appropriate include whether the party to be served maintains the website, monitors the email, or would be likely to receive information transmitted to that address. See *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769 , at *9 (S.D.N.Y. Mar. 23, 2005).

Plaintiff is unable to ascertain the true name(s) and address(es) of the Capybara Defendants. The Capybara Defendants both communicate with the public and operate the Capybara Website and Capybara Short Account anonymously. Both the Capybara Website and Capybara Short Account are devoid of any identifying information aside from the Proton Mail Address listed on the Capybara Website. Plaintiff has exhausted all possible avenues to ascertain the true identity(ies) and address(es) of the Capybara Defendants including an internet search via Google, searching through the Capybara Short Account's posts and replies on Twitter, searching for a contact page on the Capybara Website, searching the U.S. Securities and Exchange Commission's EDGAR database, and searching for information regarding the registration of the Capybara Website's domain. *See* Decl. of Mark R. Basile, ¶ 8.

As it stands, without the true name(s) and address(es) of the Capybara Defendants, it will be impracticable for Plaintiff to properly serve the Capybara Defendants through conventional means prescribed in CPLR § 308(1), (2), and (4) by either (1) delivering the summons within the state to the Capybara Defendants personally, (2) delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business, or (4) by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business. *See* Decl. of Mark R. Basile, ¶ 9. *See also Dobkin,* 21 N.Y.2d at 501 (affirming orders

granting alternative service when it was impracticable to serve the defendants in a traditional manner when the defendants' whereabouts were unknown).

Subsequent to the filing of Plaintiff's complaint on October 19, 2023, the Capybara Defendants created a new email address, the Proton Mail Address, and replaced the email address that was on the Capybara Website's home page and "Contact" page. It is indisputable that the Proton Mail Address is linked to the Capybara Defendants as the address is located on the Capybara Website, a link to which is publicly posted to the Capybara Short Account. Further, it is also indisputable that the Proton Mail Address is the Capybara Defendant's active and most recently used email address as the Proton Mail address was created and made publicly available within the last twenty days. As such, service by email to the Proton Mail Address currently on the Capybara Website is highly likely to reach the Capybara Defendants. *See ATMO, LLC*, 2015 WL at \*9. *See also Zanghi v. Ritella*, 2020 WL 6946512 at \*9 (S.D.N.Y. November 25, 2020) (granting plaintiff leave to serve defendant via email after finding there was evidence that the defendant used the email address within the last year).

Therefore, Plaintiff requests this Court grant permission to serve the Capybara Defendants its summons and complaint via email pursuant to C.P.L.R. § 308(5).

## **CONCLUSION**

There is no question that the Capybara Report significantly harmed Plaintiff both publicly and financially. Plaintiff brought its complaint not only to protect itself from the falsities that have been spread amongst Twitter users, but also to prevent such other articles from being authored and published by the same self-interested individual or individuals which would further harm its own financial interests, as well as those of its shareholders. Plaintiff and its shareholders have been financially harmed, through no fault of their own, as a result of the actions of one or more selfish,

cowardly individuals who decided to *anonymously* betray the public's trust in a fair and open market for a handful of silver pieces. As such, Plaintiff has demonstrated the need to serve the Capybara Defendants via email. For the reasons stated herein, Plaintiff's motion should be granted, the Court should order the clerk of the court to accept a summons in the form annexed hereto as **Exhibit 11**, and authorize Plaintiff to serve said summons via email to capybararesearch@proton.me.