USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FINGERMOTION, INC.,

                                Plaintiff,

                  -against-

CAPYBARA RESEARCH, et al.,

                                Defendants.
-----------------------------------------------------------------X

23-CV-9212 (JPC) (KHP)

**OPINION & ORDER ON MOTION TO AMEND AND FOR ALTERNATE SERVICE**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      Plaintiff seeks to amend the case caption to replace the "John Doe" Defendant with the true name of the defendant, Igor Appelboom, remove nominal defendant Wix.com, which was dismissed as a defendant, and add new defendant Accretive Capital LLC d/b/a Benzinga. The Court finds that the proposed amendments should be granted pursuant to the liberal standard for amending pleadings under Federal Rule of Civil Procedure 15. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). The case has just recently been filed and no answer from any defendant has been submitted. Moreover, one change merely clarifies the identity of a defendant, and another removes a defendant and constitutes a necessary correction to the caption. Thus, there is no prejudice to any defendant and the interests of justice are served by the amendment.

      Plaintiff also seeks to serve defendant Appelboom by email and asks permission to do so under Federal Rule of Civil Procedure 4(f)(3). Appelboom lives in Brazil.

      Rule 4(f) sets forth the procedure for serving an individual in a foreign country. It permits service by one of three ways: 1) "any internationally agreed means of service that is reasonably calculated to give notice" (e.g., via the Hague Convention); 2) absent an

internationally agreed means of service or when an international agreement allows but does not specify other means, (a) methods allowed by the foreign jurisdiction for actions in its courts of general jurisdiction; (b) methods directed by the foreign jurisdiction in response to a letter rogatory or other written request; or (c) if allowed, (i) personal service or (ii) mail sent by an authorized clerk with and requiring a signed receipt; or 3) other means not prohibited by international agreement and ordered by the court. Fed. R. Civ. P. 4(f) (1-3). Rule 4(f)(1) "gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1133 (4th ed. April 2020 update). Rule 4(f)(2) "provides options to the party serving process when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable, as would be true, for example, when service is to be made in a nation that is not a signatory to the Hague Convention." *Id.* Rule 4(f)(3) "authorizes the district court to approve other methods of service not prohibited by international agreements." *Id.*; *see also RSM Prod. Corp. v. Fridman*, 2007 WL 1515068 at *1 (S.D.N.Y. May 24, 2007).

Effective June 1, 2019, Brazil agreed to the Hague Service Convention for serving process and other documents. *See* Hague Conference on Private Int'l Law, *Brazil – Central Authority & practical information*, https://www.hcch.net/en/states/authorities/details3/?aid=1113 (last visited January 8, 2024). Plaintiff concedes that when agreeing to the Hague Convention, Brazil objected to Articles 8 and 10, which set forth additional methods of service of process (including service by mail/postal service) on defendants residing in Brazil by plaintiffs from outside of Brazil. *Id.*

2

Brazil is also a signatory to the Inter-American Convention on Letters Rogatory, which also governs service of process.  *Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *4 (S.D.N.Y. Sept. 21, 2018).  In short, in a case such as this, Brazil permits only one method of service if the defendant does not waive service:  service through its Central Authority if the address of the defendant is known or the Inter-American Convention on Letters Rogatory and Additional Protocol if an address is unknown.  In all cases, documents are delivered through the judicial system and all documents must be translated into Portuguese.  *See* Hague Conference on Private Int'l Law*, 14. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited January 8, 2024); *see also* Florida Bar Journal, *Serving Process in Brazil*, https://www.floridabar.org/the-florida-bar-journal/serving-process-in-brazil-nascent-use-of-the-hague-convention-on-the-service-abroad-of-documents-in-civil-or-commercial-matters/#u6e20  (last visited January 8, 2024).  Service of process usually takes between 9 and 18 months.  *See* Hague Conference on Private Int'l Law, *Brazil – Central Authority & practical information*, *supra*.

Compliance with the Hague Convention is mandatory when the defendant resides in a country that is a signatory to the convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).  Additionally, the Hague Convention "'pre-empts inconsistent methods of service' whenever it applies."  *Water Splash, Inc. v. Menon*, 581 U.S. 271 (2017) (quoting *Schlunk*, 486 U.S. at 699).  However, as noted above, if the address of the person to be served is not known, then the Hague Convention does not apply.  Plaintiff does not argue that he does not know the address of Appelboom.  To the contrary, Plaintiff's counsel's declaration

3

states that, in response to a subpoena, Wix.com Ltd. disclosed Appelboom's address.  (ECF No. 17.)  Thus, the Hague Convention applies here.  The question presented, therefore, is whether the Hague Convention prohibits service by email in Brazil, a country that objects to service by postal service and permits only one method of service under the Hague Convention.  *Smart Study Co. Ltd. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1393-94 (S.D.N.Y. 2022).

In *Smart Study*, the court assumed that the Hague Convention permits service by email but, because China, a signatory to the Hague Convention, has objected to service by postal channels, service by email is not permitted in China under the Hague Convention.  *Id*. at 1394. It disagreed with other courts within the Second Circuit finding that a Hague-member country's objection to service by postal channels does not preclude service by email.  *Id*. at 1396 (disagreeing with  *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (allowing service by email to defendant in China); *Equipav S.A. Pavimentacao Engenharia e Comercia Ltda. V. Bertin*, 2022 WL 2758417 (S.D.N.Y. July 14, 2022) (allowing service by email to defendant in Brazil)).  Its primary reasons for disagreeing were that (1) the cases authorizing service by email over a country's objection to service by mail relied on authority that predated the Supreme Court's decision in *Water Splash*; (2) that the Hague Convention's silence on a particular method of service cannot be equated to imply permission given the convention's purpose to set forth simple and certain methods of service; and (3) because the Hague Convention specifies only certain approved methods of service and preempts other methods, the "effect of a country's objections" to service by mail would be "significantly diminished." *Smart Study*, 620 F. Supp.3d at 1396; *see also Fox Shiver, LLC v. Individuals, Corps., Limited Liab. Cos. P'ships, and Unincorporated Ass'ns*, 2023 WL 4373308 (S.D.N.Y. Apr. 25, 2023) (adopting

*Smart Study* rationale for service in Hague Convention signatory country that objects to service by mail).

Other courts have taken a middle approach, allowing service by email or other non-postal service means to a Hague Convention-signatory country that objects to service by mail if the plaintiff demonstrates that it has made reasonable efforts to serve through the country's central authority but encountered extraordinary delay or found that such efforts were futile to effectuate service and provided the method of service proposed accords with due process.  *See, e.g.*, *Montano v. Herrera*, 2023 WL 2644340 (S.D.N.Y. Mar. 27, 2023) (allowing alternative service under Rule 4(f)(3) because Venezuela refused to accept packages to its central authority for three years, frustrating service through the Hague Convention); *Goldfarb v. Cannel One Russia*, 2018 WL 11225240 (S.D.N.Y. Oct. 19, 2018) (allowing alternative service under Rule 4(f)(3) because Russia refused to transmit service through its central authority).  The courts taking this approach reason that not allowing alternative service would leave a plaintiff no recourse.  *Live Brands Holdings, LLC v. Gastronomico Gracias a Dios*, 2021 WL 6064202, at *1 (S.D.N.Y. Dec. 21, 2021) (allowing alternative service under Rule 4(f)(3) because plaintiff had been frustrated by Hague Convention process in Mexico and alternative methods proposed were consistent with constitutional notions of due process).

The Court need not determine whether service by email is permitted in Brazil at this time, because Plaintiff has not made an effort to serve Appelboom through Brazil's Central Authority.  While the Court recognizes there may be some delay in service through this method, the current website indicates that the time could be as short as nine months.  *See* Hague Conference on Private International Law, *Brazil – Central Authority & practical information*,

*supra*. Further, the time may be shorter if Appelboom waives service and agrees to service by email.

Plaintiff must first attempt to obtain Appelboom's waiver of service (which can be requested by email) and service through Brazil's Central Authority before requesting approval for alternative means of service. This is consistent with what this Court did with defendant Capybara Research. Accordingly, the request to serve Appelboom by email is denied without prejudice.

## CONCLUSION

The motion at ECF No. 15 is granted in part and denied in part. It is hereby:

**ORDERED** that the Clerk amend the caption to replace the Doe Defendants with the true name of the Defendant, Igor Appelboom. It is further

**ORDERED** that the Clerk amend the caption to reflect the dismissal with prejudice of Nominal Defendant Wix.com, Ltd. It is further

**ORDERED** that Plaintiff is permitted to file its First Amended Complaint to add claims arising out of the same facts and circumstances alleged in the Complaint (ECF No. 1) against a new defendant, Accretive Capital LLC d/b/a Benzinga. It is further

**ORDERED** that Plaintiff shall file the amended complaint by January 16, 2024.

**<u>Plaintiff is directed to serve this order, and a copy of the amended complaint on the Defendants.</u>**

SO ORDERED.

DATED:  New York, New York
        January 8, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge