

390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

March 14, 2024

**Via ECF**

The Honorable John P. Cronan
United States District Judge
United States Courthouse, Courtroom 12D
500 Pearl Street
New York, NY 10007

Re:  *FingerMotion. Inc. v. Capybara Research et. al.*, Case No. 23-cv-9212
Plaintiff's Opposition to Accretive Capital LLC d/b/a Benzinga's Letter Motion (ECF 47)

Dear Judge Cronan:

We are counsel to Plaintiff FingerMotion, Inc. ("FingerMotion" or "Plaintiff") in the above-referenced action, and write in response to Defendant Accretive Capital LLC d/b/a Benzinga's ("Benzinga") letter motion dated March 13, 2024 ("Letter"). Benzinga's Letter requests that the Court (i) deny the entry of Plaintiff's proposed Clerk's Certificate of Default as to Benzinga, and (ii) summarily grant an additional 14 days for Benzinga to file a response to Plaintiff's First Amended Complaint ("FAC"). For the foregoing reasons, Plaintiff respectfully requests that Benzinga's Letter be denied in its entirety.

This action commenced on October 19, 2023 with the filing of Plaintiff's complaint naming Capybara Research and John Does 1-10 as Defendants and Wix.com, Ltd. as Nominal Defendant. After being apprised of the true identity of the Doe Defendants, on November 16, 2023, Plaintiff filed an *ex parte* motion to amend the case caption and file an amended complaint, identifying the Doe Defendant with his true name, Igor Appelboom ("Appelboom," together with Capybara Research, the "Capybara Defendants"), and adding claims against Benzinga supplemental to those which arose out of the same common nucleus of operative facts as Plaintiff's federal law claim for securities fraud and supplemental state law claims alleged against the Capybara Defendants (ECF 15). On January 8, 2024, the Court granted Plaintiff's motion (ECF 33), and on January 16, 2024, Plaintiff filed its FAC (ECF 34).

A. Benzinga's Request for the Denial of Entry of Plaintiff's Proposed Certificate of Default is Improperly Brought Before the Court and Should Be Denied

"In New York, a process server's affidavit establishes a prima facie case of the method of service, and thus, in absence of contrary facts, courts presume proper service." *Bell v. Manhattan Motorcars, Inc.*, 2008 WL 2971804, at *15 (S.D.N.Y Aug. 4, 2008) (citing *Old Republic Ins. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 [2d Cir. 2002]); *see also Hickey v. City of New York*, 241 F.R.D. 150, 152-53 (S.D.N.Y. 2006) (citing *Old Republic Ins. Co.*, 301 F.3d at 57) (noting a

The Honorable John P. Cronan
*FingerMotion, Inc. v. Capybara Research, et al.*; Case No. 1:23-cv-9212
March 14, 2024
Page **2** of **4**

process server's affidavit is sufficient to establish a prima facie proof of service and creates a presumption that the party was properly served).

Since the outset of this action, Plaintiff has acted in accordance with the Federal Rules of Civil Procedure, Local Rules of this District and Your Honor's Individual Rules. On February 2, 2024, pursuant to Fed. R. Civ. P. 4(h)(1)(B), Plaintiff properly served its summons and amended complaint on National Registered Agents, Inc. ("National"), an agent *designated by Benzinga* to accept service of process on its behalf (ECF 49). Benzinga's deadline to respond to Plaintiff's amended complaint was February 23, 2024 (ECF 39).

Under the correctly held presumption that Benzinga was properly and timely served pursuant to the Federal Rules and after the expiration of Benzinga's first deadline to respond, on February 26, 2024, Plaintiff filed a proposed Clerk's Certificate of Default as to Benzinga (ECF 40).[1] The Court extended Benzinga's deadline to respond *sua sponte* to March 11, 2024 and advised Plaintiff that should "Benzinga once again fail[] to respond to the Complaint by its deadline to do so, Plaintiff should seek another Certificate of Default by March 18, 2024" (ECF 42). Benzinga's extended deadline has since expired without Benzinga filing any response to Plaintiff's amended complaint or counsel appearing on its behalf. It was not until after the expiration of Benzinga's extended deadline, on March 12, 2024, that counsel for Benzinga[2] reached out to our office requesting Plaintiff grant Benzinga a one-to-two-week extension to respond to Plaintiff's amended complaint. After conferring with our client about Benzinga's request for an extension, Plaintiff advised us to proceed with the filing of a Clerk's Certificate of Default against Benzinga, consistent with its rights under Fed. R. Civ. P. 55, Local Rule 55.1 and the Court's February 26, 2024 order (ECF 42).

Benzinga presents that its "lack of participation was brief and inadvertent." *See* Letter at 1. This "brief" "lack of participation" by Benzinga, however, has persisted for **39 days**. Further, Benzinga argues, wholly without merit or evidence, that its failure to respond to Plaintiff's amended complaint, despite an extension of time to do so, was "inadvertent" as "Benzinga only learned of this lawsuit by chance" because its registered agent failed to timely deliver Plaintiff's complaint. *See* Letter at 1. The affidavit signed by the process server established, prima facie, that Benzinga was properly served. National, the agent designated by Benzinga to receive service of process, was properly served Plaintiff's summons, amended complaint and the exhibits attached

---

[1] On February 26, 2024, Plaintiff's counsel was advised by the Clerk's Office that its proof of service was deficient because it did not specify which documents were served on Benzinga. Plaintiff's counsel respectfully notes that we have been using this same process server for years, and have never before encountered an issue with this template proof of service, which has been submitted to this Court and approved on countless occasions. Plaintiff's counsel then called Chambers to request clarification, and was advised that the Court would be filing an Order in response to our inquiry. In that Order, the Court stated that "[o]n February 2, 2024, Plaintiff served Defendant Accretive Capital LLC d/b/a Benzinga ("Benzinga") with copies of the Summons and Complaint. Dkt. 39." ECF 42. Despite the Court's Order indicating proper service, Plaintiff's Second Proposed Certificate of Default was again rejected as deficient by the Clerk's Office for the same reason. *See* ECF 45. Accordingly, Plaintiff instructed its process server to provide an amended proof of service in accordance with the instructions from the Clerk's Office, which Plaintiff has since filed. *See* ECF 49.

[2] Plaintiff's counsel was contacted by attorneys at Taft, Stettinius & Hollister LLP ("Taft") on March 12, 2024, who represented to us that they have been retained by Benzinga in this action. Plaintiff notes, however, that only Jesse Strauss, with Strauss Law PLLC, has entered an appearance.

The Honorable John P. Cronan
*FingerMotion, Inc. v. Capybara Research, et al.*; Case No. 1:23-cv-9212
March 14, 2024
Page **3** of **4**

thereto pursuant to Fed. R. Civ. P. 4(h)(1)(B). *See* ECF 49. Benzinga's claim that it had not received these documents and had only learned of this action "by chance" not only lacks evidentiary merit, it also fails to rebut the presumption of proper service recognized by this District. *See Bell*, 2008 WL 2971804, at *15; *see also State Univ. of N.Y. v. Triple O, LLC*, No. 21-2116-cv, 2022 U.S. App. LEXIS 29627, at *1 (2d Cir. Oct. 25, 2022) ("A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.").

Further, Benzinga argues that it believes it has meritorious defenses to Plaintiff's claims and "likely counterclaims." *See* Letter at 1. The time to raise these defenses and counterclaims has *twice* passed. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). An abundance of case law supports the proposition that Benzinga's failure to respond to Plaintiff's FAC within the proper time frame—not once, but twice—constitutes an admission of every well-pleaded allegation in Plaintiff's complaint. *See SEC v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013) ("The complaint's well-pleaded allegations as to [defendant's] liability, which, in light of his default, are deemed admitted"); *Zhen Ming Chen v. Café Ave B Inc.*, 2019 WL 2324567, at *2-3 (S.D.N.Y. May 30, 2019) ("By failing to answer the complaint, Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability"). As properly noted by Benzinga, such arguments must be made in a motion to set aside the default, not in a one-page letter motion filed two days after its default. *See* Letter at 1. As such, Plaintiff requests that the Court reject Benzinga's improperly raised arguments in determining Plaintiff's right to a Certificate of Default, as previously set forth in the Court's February 26, 2024 order.

> B. <u>Benzinga's Request for an Extension of Time to Respond to Plaintiff's FAC is Procedurally and Substantively Defective and, Thus, Should Be Denied</u>

"Absent compelling circumstances, a request for an extension or adjournment must be made at least 48 hours (*i.e.*, two business days) prior to the scheduled appearance or deadline. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline." Individual Rules and Practices in Civil Cases of the Honorable John P. Cronan, Rule 3(B). "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Benzinga's Letter falls markedly short of establishing any compelling circumstances—as prescribed in Your Honor's Individual Rule 3(B) and Fed. R. Civ. P. 6(b)(1)(B)—to support an extension of time after Benzinga's deadline to respond had expired. Benzinga's arguments lack particularity and are unsupported by any evidence, as the Letter is conspicuously submitted without an affidavit from Benzinga's principal lending credence to such generalized representations. Without such supporting evidence, Benzinga's Letter is woefully insufficient to satisfy its burden of establishing good cause and excusable neglect for failing to respond to the FAC by its *extended* deadline.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Benzinga's Letter in its entirety and requests that the Court permit the entry of Plaintiff's proposed Clerk's Certificate of Default.

The Honorable John P. Cronan
*FingerMotion, Inc. v. Capybara Research, et al.*; Case No. 1:23-cv-9212
March 14, 2024
Page **4** of **4**

          Respectfully Submitted,

          **THE BASILE LAW FIRM P.C.**

          */s/ Joseph F. Rose*
          Joseph F. Rose, Esq.
          Waleed Amer, Esq.
          Mark R. Basile, Esq.
          390 N. Broadway, Ste. 140
          Jericho, NY 11753
          Tel.:    (516) 455-1500
          Fax:    (631) 498-0748
          Email: joe@thebasilelawfirm.com
                 waleed@thebasilelawfirm.com
                 mark@thebasilelawfirm.com

          *Attorneys for Plaintiff FingerMotion, Inc.*

Cc: All counsel of record via ECF