**STRAUSS LAW PLLC**
250 West 85th Street, 11A
New York, New York 10024
jesse@strausslawpllc.com
Tel.: 917-541-8428

> In light of the Second Circuit's strong preference for addressing cases on the merits, and to avoid unnecessary motion practice, Defendant Benzinga's request is GRANTED. The deadline for Benzinga to respond to the Complaint is extended to **March 27, 2024**. The Clerk of the Court is respectfully directed to refrain from entering a Certificate of Default against Benzinga at this time.
>
> SO ORDERED:
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE
>
> 3/15/2024

United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
(212) 805-0218
CronanNYSDChambers@nysd.uscourts.gov

RE:   *FingerMotion, Inc. v. Accretive Capital LLC d/b/a Benzinga et al.*, Index No. 23-cv-9212 (JPC)(KHP)  – Letter Motion to Deny Entry of Plaintiff's Proposed Clerk's Certificate of Default

Your Honor:

I am counsel to defendant Accretive Capital LLC d/b/a Benzinga ("Benzinga") in the above captioned matter. Today, March 13, 2024, Plaintiff FingerMotion, Inc. ("Plaintiff") filed a Proposed Clerk's Certificate of Default against Benzinga. However, because Benzinga only recently learned of this lawsuit and I was retained yesterday, March 12, 2024, to defend Plaintiff's claims against Benzinga, Benzinga respectfully requests that this Court refrains from entering a Clerk's Certificate of Default, and further, grant Benzinga a short extension to file a response to Plaintiff's First Amended Complaint (the "Complaint").

If a Certificate of Default is entered against Benzinga, the parties and the Court would expend unnecessary time and effort, as Benzinga would then be forced to file a motion to set aside the Default pursuant to Federal Rule of Civil Procedure 55(c). Benzinga satisfies the requirements under that Rule, and has communicated the same to Plaintiff. Benzinga did not intentionally delay in responding to Plaintiff's Complaint, Plaintiff has not be prejudiced by Benzinga's unintentional and brief delay (in fact, the Court *sua sponte* granted Benzinga an extension to respond to the Complaint, and that deadline passed only two days ago on March 11, 2024), and Benzinga has a meritorious defense to Plaintiff's claims and likely counterclaims under New York's anti-SLAPP law.

Before Plaintiff requested the relevant Clerk's Certificate of Default (ECF No. 45), Benzinga made it abundantly clear to Plaintiff that Benzinga is actively engaged in this dispute and prepared to defend this lawsuit now that it has learned of this lawsuit. While it is true that Benzinga had not previously responded to Plaintiff's Complaint, this lack of participation was brief and inadvertent. We are still investigating, but preliminary investigation indicates the agent for service of process may not have even sent the service packages to Benzinga in this or two related cases. In fact, Benzinga only learned of this lawsuit by chance, when one of its staff members found information about this lawsuit online. Upon learning of this lawsuit, Benzinga

Hon. John P. Cronan
March 13, 2024
Page 2 of 2

retained counsel, and since then, counsel has been in constant communication with Plaintiff's counsel, including settling in one day a case asserting the same claims on similar facts for a different Plaintiff.

Benzinga requested that Plaintiff stipulate to a short extension, allowing Benzinga an additional seven to fourteen days to file its first responsive pleading to the Complaint. Plaintiff and its counsel refused both requests Plaintiff filed a Proposed Clerk's Certificate of Default (ECF No. 45)) instead, in an apparent effort to leverage more favorable settlement terms or seek relief via procedural means on a claim on which Benzinga intends to seek 12(b) disposition. Because this Circuit has "expressed a strong preference for resolving disputes on the merits," *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quotation marks omitted), and because, if the Clerk's Certificate of Default is entered, Benzinga is likely to prevail on a Motion to Vacate under Fed. R. Civ. P. 55(c), this Court should intervene now and refrain from entering the Clerk's Certificate of Default at the outset.

Based on the foregoing, Benzinga respectfully requests that the Court deny the entry of the proposed Clerk's Certificate of Default, allow Benzinga an additional 14 days to file its first responsive pleading to Plaintiff's Complaint, and grant any such other relief the Court deems just.

Respectfully Submitted:

s/Jesse Strauss (JS0212)
Strauss Law PLLC

CC: All Counsel (via ECF)