

390 North Broadway – Ste. 140 | Jericho, New York 11753
MAIN TELEPHONE: (516) 455-1500 | FACSIMILE: (631) 498-0478

DALLAS | NEW YORK | NAPLES

May 8, 2024

<u>Via ECF</u>

The Honorable John P. Cronan
United States District Judge
United States Courthouse, Courtroom 12D
500 Pearl Street
New York, NY 10007

Re:   *FingerMotion, Inc. v. Capybara Research, et al.*; Case No. 1:23-cv-9212 (JPC) (KHP)
      Plaintiff's Letter in Response to Court Order dated April 24, 2024 (ECF No. 58)

Dear Judge Cronan:

We represent Plaintiff FingerMotion, Inc. ("Plaintiff" or the "Company") in the above-referenced action (the "Action"), and respectfully submit this letter in response to the Order dated April 24, 2024, ECF No. 58 (the "Order"), which directed Plaintiff to advise the Court as to: (i) what efforts have been made to effect service on Defendant Igor Appelboom ("Appelboom"), including whether a summons for Appelboom has been sought and obtained from the Clerk of the Court and whether Plaintiff has made contact with Appelboom via email to seek waiver of service, and (ii) why the Court should not deny the pending motion for default judgment as to defendant Capybara Research ("Capybara" and together with Appelboom, the "Capybara Defendants") without prejudice to renewal after Plaintiff's claims against Appelboom are resolved—or, if appropriate, without prejudice to a motion for default judgment against both Defendants if Appelboom fails to appear after service.

Plaintiff respectfully addresses Your Honor's inquiries in turn, and advises the Court that, for the reasons provided below, Plaintiff will be filing a notice of voluntary dismissal without prejudice against the Capybara Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

      I.    <u>Appelboom Deleted His Email Address to Evade Service, Thereby Negating Plaintiff's Ability to Seek Waiver of Service</u>

As noted in the Order, on January 8, 2024, the Honorable Katharine H. Parker denied Plaintiff's motion for alternate service under Fed. R. Civ. P. 4(f)(3) as to Appelboom and ordered that Plaintiff first attempt to obtain Appelboom's waiver of service via email and, if unsuccessful, proceed with service through Brazil's Central Authority. ECF No. 33 at 6 (the "January Order"). Earlier that same day, on January 8, 2024, in a separate action in this District against the same defendants titled *Safety Shot, Inc., v. Capybara Research, et al.*, Case No. 1:23-cv-10728 (the "Safety Shot

Action"),[1] plaintiff Safety Shot, Inc. ("Safety Shot") filed a second motion for alternate service as to the Capybara Defendants.[2] Safety Shot Action, ECF Nos. 20-22. The reason for that second motion was that the Capybara Defendants deleted their respective email addresses to avoid service by email pursuant to the Court's Order, *id.*, ECF No. 11, thereby mooting the means of service originally requested by Safety Shot and granted by the Court.

Thus, in its second motion for alternate service, Safety Shot requested authorization to serve the Capybara Defendants via electronic publication through their Twitter accounts (@CapybaraShort and @IgorYRN, respectively), through Capybara Research website's contact page, newspaper publication, and online publication via a public disclosure and press release filed on the Securities and Exchange Commission's EDGAR database. *Id.*, ECF No. 22. Safety Shot's second motion for alternate service was also granted.[3] *Id.*, ECF No. 24.

As with Safety Shot's first motion for alternate service, here, Plaintiff requested permission for alternate service on Appelboom via email only. *See* ECF No. 15. However, unlike the Safety Shot Action where Safety Shot's first motion for alternate service pursuant to Fed. R. Civ. P. 4(f)(3) had already been granted as to Appelboom, Plaintiff's request to alternatively serve Appelboom was denied outright. *See* January Order. Plaintiff, therefore, had no reason to file a second motion, as was done in the Safety Shot Action, with additional facts apprising the Court that Appelboom had deleted his email address. As such, in issuing the Order, the Court was unaware that contacting Appelboom via email to request waiver of service was never an option for Plaintiff.

>    II.   <u>After Careful Deliberation, and in the Interest of Judicial Economy and Plaintiff's Own Financial Resources, Plaintiff Has Decided to Forego Service on Appelboom Through Brazil's Central Authority Pursuant to the Hague Convention</u>

As of the date hereof, Plaintiff has not sought from the Clerk of the Court a summons for Appelboom. After the January Order, Plaintiff and its counsel began discussing potential paths forward, which included voluntary dismissal of Appelboom in lieu of the protracted and cost-intensive process of international service under the Hague Convention. At the time, Plaintiff and its counsel reasonably believed that this was a potentially viable strategy given that the motion for default judgment against Capybara was still pending, and the Court had not explicitly indicated

---

[1] The Basile Law Firm P.C. also represents the plaintiffs in both the Safety Shot Action and another case pending in this District against the same defendants titled *Knightscope, Inc. v. Capybara Research, et. al.*, Case No. 23-cv-11050 (the "Knightscope Action").

[2] Safety Shot's first motion for alternate service, filed on December 22, 2024, sought permission to serve the Capybara Defendants via their respective email addresses. Safety Shot Action, ECF Nos. 7-9. On December 26, 2023, the Honorable Jed R. Rakoff granted Safety Shot's first motion as to both Capybara and Appelboom. *Id.*, ECF No. 11.

[3] Within hours after Safety Shot filed its second motion for alternate service, the Capybara Defendants once again compromised potential avenues of alternate service that Safety Shot sought to utilize. To wit, Capybara changed its website by removing the contact page, and Appelboom, once again, deleted his Twitter account (@IgorYRN) to avoid service by electronic publication. *See id.*, ECF No. 25. The Capybara Defendants, however, were unable to evade service under methods outside of their control, *i.e.*, the filing of a public disclosure on EDGAR, by which they were ultimately served. On March 18, 2024, Safety Shot was granted default judgment against the Capybara Defendants. *Id.*, ECF No. 49.

that Plaintiff's motion would not be heard absent Appelboom being served. Additionally, a hearing on a substantially similar motion for default judgment against Capybara had been scheduled in the Knightscope Action. In its scheduling order dated March 27, 2024, the Knightscope Action court expressly stated "[f]ailure of Capybara to appear will result in entry of a default or a default judgment." Knightscope Action, ECF No. 44. As such, Plaintiff and its counsel anticipated that Knightscope's motion for default judgment against Capybara was likely to be granted, which could have then potentially served as a persuasive ruling for the Court's consideration in this Action.[4]

In light of the foregoing, Plaintiff anticipated that it would have additional time to make a final decision as to whether or not it would begin international service on Appelboom in Brazil, which was (in Plaintiff's view) further supported by the Court's endorsement of Plaintiff's letter application dated January 30, 2024, in which the Court directed that Plaintiff provide an update as to its efforts to serve Appelboom by July 22, 2024. *See* ECF No. 37. This is not to say, however, that Plaintiff and its counsel had not been conducting the appropriate due diligence into Hague Convention service during this time. Indeed, Plaintiff's counsel has consulted with several prominent experts and providers specializing in service through Brazil's Central Authority pursuant to the Hague Convention, specifically to obtain estimated timing and price quotes. However, even the most favorable quote was approximately **$12,000** to attempt service with an estimated timeframe ranging from 9 to 18 months. Nonetheless, Plaintiff carefully deliberated with the Company's board members, but given the Court's updated directives in the Order, Plaintiff and its counsel have decided that it would not make sense, from a financial and business perspective, to expend that amount of money in attempting to serve Appelboom at this juncture.

### III. For the Foregoing Reasons, Plaintiff Will Be Voluntarily Dismissing Capybara and Appelboom Without Prejudice

Given the resources, time, and cost that would be required to attempt international service on Appelboom, it is Plaintiff's position that pursuing this action any further, at this juncture at least, is no longer a viable course of action for the Company and its shareholders. As such, Plaintiff will be filing a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) without prejudice as to the Capybara Defendants immediately after the filing of this letter.

We thank the Court for its time, consideration, and attention to this matter.

Respectfully submitted,

**THE BASILE LAW FIRM P.C.**

*/s/ Waleed Amer*
Waleed Amer, Esq.

---

[4] Ultimately, the Honorable Denise L. Cote denied Knightscope's motion without prejudice to renewal, noting that Knightscope may renew its motion upon a showing of Capybara's capacity to be sued, pursuant to Fed. R. Civ. P. 17(b). Knightscope Action, ECF No. 51.

Judge John P. Cronan
May 8, 2024
Page **4** of **4**

    Mark R. Basile, Esq.
    Joseph F. Rose, Esq.
    390 N. Broadway, Suite 140
    Jericho, New York 11753
    Tel.:   (516) 455-1500
    Fax:   (631) 498-0478
    Email: waleed@thebasilelawfirm.com
           mark@thebasilelawfirm.com
           joe@thebasilelawfirm.com

*Attorneys for Plaintiff FingerMotion, Inc.*